BARNES v. EVANS

[331 N.C. 111 (1992)]

---

WAYLAND S. BARNES, INDIVIDUALLY AND EXECUTOR OF THE ESTATE OF MILDRED L. WILSON v. KEN EVANS, MARIE STERLING, ELLEN NORTHEY O'NEAL, MARGARET POMEROY, VIRGINIA SMITH, PAT DALY, COLERAIN BAPTIST CHURCH, COLERAIN METHODIST CHURCH, BILLY GRAHAM EVANGELICAL ASSOCIATION, J. FRANK WILSON, DOROTHY WILSON, MARGARET STERLING, KAY STERLING ELLIS, RUTH BRISTOW, CAROL BARNES, UNIVERSITY OF NORTH CAROLINA AT GREENSBORO AND ANY UNKNOWN AND UNNAMED HEIRS OF MILDRED L. WILSON, ET ALS.

No. 220PA91

(Filed 5 March 1992)

ON appeals by the petitioner, Wayland S. Barnes, and by the respondent, Lou Wilson Mason, pursuant to N.C.G.S. § 7A-30(2), from a decision of a divided panel of the Court of Appeals, 102 N.C. App. 428, 402 S.E.2d 164 (1991), which affirmed in part and reversed and modified in part the judgment entered 4 October 1989 by *Grant, J.,* in Superior Court, BERTIE County. Heard in the Supreme Court on 14 February 1992.

*Pritchett, Cooke & Burch, by W. L. Cooke, for petitioner-appellant Wayland S. Barnes.*

*Baker, Jenkins & Jones, P.A., by Robert C. Jenkins and Robert E. Ruegger, for respondent-appellant Lou Wilson Mason.*

*Charles A. Moore, pro se, as guardian ad litem for the unknown and unnamed heirs of Mildred H. Wilson.*

*Lacy H. Thornburg, Attorney General of North Carolina, by Special Deputy Attorney General Charles J. Murray, for the State.*

PER CURIAM.

STATE v. McDANIELS

[331 N.C. 112 (1992)]

For the reasons stated in the opinion by Wells, J., the decision of the Court of Appeals is affirmed.

On 2 October 1991, this Court allowed the petition of the petitioner-appellant, Wayland S. Barnes, for discretionary review of the additional issue of whether certain taxes should be paid by the estate of Mildred L. Wilson or by the individual beneficiaries. In its judgment, the trial court ordered that the individual beneficiaries, with one exception, pay certain inheritance and federal estate taxes. We now affirm that part of the order of the trial court.

The result is that we affirm the decision of the Court of Appeals as to the issues resolved by that court, and we additionally affirm that part of the order of the trial court providing for the payment of taxes.

Affirmed.